IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID MARTINEZ | § | |
| | § | |
| v. | § | C.A. NO. C-08-166 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On May 21, 2008, petitioner filed this petition for a writ of habeas corpus, challenging a disciplinary proceeding by the Texas Department of Criminal Justice, Correctional Institutions Division. (D.E. 1). On September 15, 2008, respondent filed a motion for summary judgment. (D.E. 21). On October 1, 2008, petitioner filed a motion to amend his petition, or in the alternative for summary judgment, (D.E. 23), which was construed as a reply to respondent's motion. For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 21), be granted.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in the McConnell

1

Unit in Bee County, Texas, (D.E. 1, at 2), and therefore jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner is currently serving concurrent thirty-year sentences for aggravated robbery and aggravated robbery with a deadly weapon. (D.E. 20, Ex. A). He has also been convicted of possessing a prohibited item in a correctional facility. Id. He does not complain of the state convictions for which he is currently incarcerated, but instead challenges the July 31, 2007 proceeding in disciplinary cause number 20070325443, in which he was accused and found guilty of intentionally damaging the light fixture in his cell and thereby causing a fire in the pipe chase. DHR,[1] at 2. As a result of being found guilty, he lost fifteen days of recreation privileges, thirty days of commissary privileges, and ten days of good time credit. Id.

On August 6, 2007, petitioner filed a Step One grievance challenging the outcome of his disciplinary conviction. DGR, at 6. On September 4, 2007, he received a response, which concluded that "no procedural errors were made and there was sufficient evidence to support the guilty verdict which was given. All

---

[1] Disciplinary hearing records that have been submitted to the Court will be referred to as "DHR," and disciplinary grievance records that have been submitted to the Court will be referred to as "DGR," with the referenced page number following the designation.

punishment imposed was well within guidelines and there was no valid reason found to warrant overturning this case." Id. at 7. On September 7, 2007, he filed his Step Two grievance. Id. at 8. On October 1, 2007, he received a response, indicating that his disciplinary case had been reviewed and that "[t]he disciplinary charge ... was appropriate for the offense and the guilty verdict was supported by the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this matter." Id. at 9.[2]

Petitioner filed this action on May 21, 2008, asserting that there was insufficient evidence to support his disciplinary conviction. (D.E. 1).[3]

### III. STANDARD OF REVIEW

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of federal habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Summary judgment is

---

[2] Petitioner filed another Step One Grievance, also on August 6, 2007, challenging his disciplinary conviction, which was found to be redundant of his other Step One grievance. Id. at 2-3. On August 30, 2007, he filed a Step Two grievance challenging the outcome of that Step One grievance. Id. at 4. Again, the grievance was found to be redundant of the Step Two already submitted. Id. at 5.

[3] Respondent concedes that petitioner has exhausted his state remedies and that the petition is neither time-barred nor successive. (D.E. 20, at 6).

appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing

sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

## IV.  DISCUSSION

Petitioner asserts that there was insufficient evidence to support his disciplinary conviction, and that his conviction thus violated his due process rights.  (D.E. 2, at 5).  Therefore, he challenges the resulting loss of recreation and commissary privileges, and the loss of good time credit.  Id. at 3.

### A. Petitioner Fails To Establish A Protected Liberty Interest In Changes Of Conditions Of Confinement.

A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated."  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right

secured to him or her by the United States Constitution.'") (citation omitted). The Supreme Court has explained that these liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

Here, petitioner has lost fifteen days of recreation privileges and thirty days of commissary privileges as the result of his disciplinary conviction. DHR, at 2. These punishments do not affect the fact or length of petitioner's confinement, but instead are merely punishments altering the conditions of petitioner's confinement. Moreover, not every state action taken for a punitive reason encroaches upon a liberty interest. Sandin, 515 U.S. at 484. Petitioner's loss of commissary and recreation privileges is not an atypical, significant deprivation that could create a protected liberty interest. Id. at 485-86; see also Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type

6

of atypical, significant deprivation in which a state might create a liberty interest."). Accordingly, it is respectfully recommended that petitioner has failed to state a cognizable habeas claim with respect to the loss of recreation and commissary privileges.

**B.    Petitioner Fails To Establish A Protected Interest In Lost Good Time Credit.**

Petitioner's claim based on the loss of good time credits raises a cognizable claim for habeas relief. See Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985)). In Texas, there are two ways that an inmate becomes eligible for early release: parole or mandatory supervision. Madison, 104 F.3d at 768. Good time credit is taken into consideration by officials for both parole and mandatory supervised release purposes. See Teague, 482 F.3d at 774. Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and paroles division. Id. Mandatory supervision is the release of an inmate to serve the remainder of his sentence not on parole, but under the supervision of the pardons and paroles division, after his time served and good time credits earned equal his total sentence. Id.

The Fifth Circuit has found that because it is extremely speculative whether

an inmate will be released on parole, "there is no constitutional expectancy of parole in Texas." Madison, 104 F.3d at 768 (citation omitted). Because he has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam). Thus, to the extent petitioner claims that his loss of good time credit affects his parole eligibility, it is respectfully recommended that he fails to state a constitutional claim upon which habeas relief can be granted.

Petitioner is only entitled to due process in the context of lost good time credit if he has a liberty interest in mandatory supervision. In Madison, the Fifth Circuit explained a prisoner's right to due process when good time credit is revoked:

> When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment "liberty" concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated.

104 F.3d at 768 (citing Wolff, 418 U.S. at 557). The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release. Malachi, 211 F.3d at 957-58.

However, petitioner is serving a sentence for a conviction imposed after the amendment of the mandatory supervision statute. The Fifth Circuit has determined that under this post-September 1, 1996 scheme, "mandatory supervision ... is mandatory in large part, but also discretionary in small part." Teague, 482 F.3d at 775 (citing Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 13 (1976)).

Regardless of the amount of discretion accorded the Texas Department of Criminal Justice pursuant to the post-September 1, 1996 mandatory supervision statutory scheme, however, petitioner is not eligible for mandatory supervision. Texas law provides that certain categories of inmates may not be released to mandatory supervision. Tex. Gov't Code § 508.149(a). Specifically, individuals such as petitioner, who was convicted of aggravated robbery pursuant to § 29.03 of the Texas Penal Code, are not eligible for mandatory supervised release. Tex. Gov't Code § 508.149(a)(12); see also Tex. Penal Code § 29.03; (D.E. 20, Ex. A).

The Fifth Circuit has determined that an inmate is only entitled to habeas corpus relief if he has been deprived of a constitutional right. Teague, 482 F.3d at 773. Because petitioner is not eligible for mandatory supervision, his loss of good time credit does not affect the date of his release. See id. at 776; see also Magoon v. Texas Dept. of Crim. Justice, 247 F.3d 240, 2001 WL 43533, at *1 (5th Cir. Jan

5, 2001) (per curiam) (unpublished) (petitioner was ineligible for mandatory release due to his robbery conviction); Madison, 104 F.3d at 768-69 (holding that when petitioner is not eligible for mandatory supervision, then dismissal of petition is appropriate). Accordingly, it is respectfully recommended that petitioner has failed to state a claim for habeas corpus relief regarding his loss of ten days of good time credit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that " [a] certificate of appealability may issue ... only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are

adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 21), be granted, and that petitioner's motion for summary judgment, (D.E. 23), be denied. It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 15th day of October 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).