IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID MARTINEZ | § | |
| | § | |
| v. | § | C.A. NO. C-08-166 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION,
DENYING § 2254 PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

Pending is the magistrate judge's recommendation to grant respondent's motion for summary judgment and to deny petitioner's § 2254 petition challenging his loss of good time credits. For the reasons stated herein, the Court adopts the recommendation, and denies petitioner's motion for a certificate of appealability ("COA").

**I.      Procedural Background.**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and currently is incarcerated at the McConnell Unit in Beeville, Texas. On May 21, 2008, he filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging as unconstitutional a prison disciplinary conviction in which he lost ten (10) days earned good time credit. (D.E. 1).

Respondent moved for summary judgment to deny petitioner's request for relief on the grounds that he received all the due process protections to which he was entitled. (D.E. 21). On October 1, 2008, petitioner filed a motion to amend his petition, and it was construed as a summary judgment response. (D.E. 23). On October 15, 2008, the magistrate judge recommended that respondent's summary judgment motion be granted. (D.E. 24).

**II.     Discussion.**

Having considering the recommendation, and having made a *de novo* review of the issues raised therein, the Court adopts the recommendation of the magistrate judge.

The magistrate judge noted that, due to the nature of petitioner's underlying convictions, aggravated robbery and aggravated robbery with a deadly weapon, petitioner is not eligible for mandatory supervised release. As such, his loss of good time credits does not affect the date of his release, and he does not have a due process interest in his earned good time credits. See e.g. Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007). As to the loss of privileges, those affect only the *quality* of time served, and not the *quantity*, such that due process concerns are not raised. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

The magistrate judge also recommended that a COA be denied. A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

In his motion for a COA (D.E. 27), plaintiff concedes that he does not have a *liberty* interest in his good time credits, but argues that reasonable jurist would find it debatable that he might have a *property* interest in those credits. He argues that, because the state does not provide adequate post-deprivation remedies to challenge his disciplinary conviction, he has a property conviction in his lost

good time. This argument is without merit.

Plaintiff was found guilty at a disciplinary hearing of shorting out lights, that then started a fire in a pipe case. Plaintiff challenged the charge, and at the disciplinary hearing, had a witness, Mr. Martinez, testify on his behalf. However, he was found guilty as charged. Plaintiff challenged the conviction in a Step 1 and Step 2 grievance, and in this lawsuit. There is no evidence to suggest that he did not have access to post deprivation remedies.

Petitioner's motion does not raise any new issues warranting a certificate of appealability regarding his disciplinary proceeding. Petitioner has made no showing that reasonable jurists might disagree about the correctness of this Court's ruling.

## III.   Conclusion.

For the reasons stated herein, the Court adopts the recommendation of the magistrate judge. Accordingly, respondent's motion for summary judgment (D.E. 21) is GRANTED, and petitioner's § 2254 petition is DENIED. Further, petitioner's motion for a certificate of appealability, (D.E. 27), is DENIED. Petitioner is advised that he may request the issuance of a certificate of appealability from a circuit court of appeals judge. See Fed. R. App. P. 22(b).

ORDERED this 28th day of October 2008.

_____
Janis Graham Jack
United States District Judge